```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
RECOOP LLC,                                                        :
:
                          Plaintiff,                               :
:                       24-cv-01810 (LJL)
              -v-                                                  :
:                       MEMORANDUM AND
OUTLIERS INC. d/b/a THESIS                                         :          ORDER
NOOTROPICS INC.,                                                   :
:
                          Defendants.                              :
:
------------------------------------------------------------------ :
:
OUTLIERS INC. d/b/a THESIS                                         :
NOOTROPICS INC. and DANIEL                                         :
FREED,                                                             :
                          Counterclaim and                         :
                       Third Party Plaintiffs.                     :
:
              -v-                                                  :
:
RECOOP LLC and ANASTASIA ALT,                                      :
:
                          Counterclaim and                         :
                       Third Party Defendants.                     :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendant/Counterclaim Plaintiff Outliers Inc. d/b/a Thesis Nootropics Inc. ("Thesis") moves for an order compelling discovery and for a protective order under Federal Rules of Civil Procedure 26(c)(1)(A) and 37(a)(3)(A). Dkt. No. 61.

      By court-ordered stipulation of September 10, 2024, Plaintiff/Counterclaim Defendant Recoop LLC ("Recoop") was required to produce documents responsive to the document requests on or before September 16, 2024. Dkt. No. 56. Recoop produced over 26,000 pages on

September 16, but Thesis complains that they were "mostly irrelevant and highly duplicative" and came from only selected email accounts. Dkt. No. 61 at 2. Thesis moves for an order requiring Recoop to produce the following categories of documents and communications "known to exist concerning marketing pixels and Mr. Freed's work for Recoop: (a) text messages, including WhatsApp messages, to and from Ms. Alt, (b) Trello cards, (c) Google drive documents, (d) emails in Karalyn Zamora's Recoop email account (the other Recoop co-founder besides Mr. Freed), (e) emails from Ms. Alt's personal Gmail account allegedly used for Recoop business purposes, (f) a recording of Ms. Alt's termination of Mr. Freed that Mr. Freed knows was made, and (g) Slack messages regarding the pixels and Ms. Alt allegedly admitting she improperly used Recoop credit card points for personal purposes shortly before Mr. Freed was terminated." *Id.* at 2.

Recoop does not dispute that the requested documents are responsive to Thesis's requests and were required to be produced on or before September 16, 2024. Dkt. No. 64. It rather contends that it does not have the text messages, WhatsApp messages, and recording sought. *Id.* at 1. It also states that it "is working" to obtain the referenced Trello cards. *Id.* at 2. It offers no response with respect to the Slack messages. Accordingly, Recoop shall produce the Trello cards and the Slack messages no later than October 21, 2024. The Court declines without prejudice the request that it order mirror images of the devices and accounts so that relevant information can be extracted through the use of identified search terms. Dkt. No. 61 at 2. Thesis has not supported that request with any evidence, by affidavit, deposition testimony, or otherwise, that Recoop has failed to produce responsive documents in its possession.

Next, Thesis complains that Recoop marked nearly two-thirds of its production as "attorney's eyes only" contrary to the protective order that this Court signed on July 30, 2024.

Dkt. No. 61 at 3. Recoop does not dispute that it marked a number of documents as "attorney's eyes only" but justifies such treatment on the grounds that the documents contain "personal (health-related) information" related to Plaintiff's customers. Dkt. No. 64 at 2. The protective order permits parties to mark documents as "Confidential" and limits the disclosure of documents so marked to specified categories of persons including the parties to the action. Dkt. No. 65 ¶¶ 2, 3, 6. It does not provide for the marking of documents as "attorney's eyes only." Rather, it requires a party seeking additional limits on disclosure to "serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request," and provides that, if the parties are not able to reach an agreement promptly upon the treatment of such material, they may raise the matter with the Court. *Id.* ¶ 9. Recoop did not issue the required notice, nor did it obtain Thesis's agreement to "attorney's eyes only" treatment. The matter was not raised with the Court during the conference on September 3, 2024. *See* Dkt. No. 57. Accordingly, the designation of the documents as "attorney's eyes only" was not effective to limit the disclosure of the documents to attorneys. Recoop asserts that the parties began the process of meeting and conferring on the treatment of the documents. Dkt. No. 64 at 2. The Court will accord the parties additional time to do so. The parties shall raise any issues with respect to the protective order no later than October 21, 2024.

   Thesis asks for a protective order stating that any depositions await the conclusion of Thesis's anticipated motion for summary judgment. Dkt. No. 61 at 3. That motion is granted in part and denied in part. No depositions noticed by Recoop shall take place until after November 29, 2024. Thesis is entitled to the completion of the production that the Court ordered on September 10, 2024 and to the resolution of the "attorney's eyes only" issue before depositions are taken. In addition, the deposition of Mr. Freed is stayed.

Recoop asked for discovery to be stayed until after the Court resolved Recoop's motion to compel arbitration., Dkt. No. 46, but then chose not to oppose Thesis's application to extend its time to respond to the motion to compel until after the forensic examination was complete, Dkt. Nos. 43-44.  As a result, the Court stayed the time for Thesis to respond to the motion to compel until after the forensic examination the Court ordered was completed.  Dkt. No. 45.  The expert report is not yet complete, *see* Dkt. No. 61 (noting that the expert report was "nearly final"), and no response to the motion to compel has yet been filed.

On September 3, 2024, the Court denied Recoop's motion for a stay of discovery on the counterclaims and ruled that discovery could go forward except with respect to discovery requests that related exclusively to the counterclaims and third-party claims.  Dkt. No. 57 at 3-4.  Accordingly, Recoop's request could potentially lead to two depositions of Mr. Freed—one that takes place now on Recoop's claims and another, if the Court denies the motion to compel, on the counterclaims and third-party claims.  Federal Rule of Civil Procedure 30(a)(2)(A)(ii) does not permit a party, without leave of court, to take a second deposition of the same individual.  *See Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*, 2021 WL 5178516, at *2 (S.D.N.Y. Nov. 8, 2021), *clarified on denial of reconsideration sub nom. Bromfield v. Bronx Lebanon Special Care Ctr., Inc.*, 2021 WL 5847404 (S.D.N.Y. Dec. 9, 2021).  The deposition of Mr. Freed is accordingly stayed until the earlier of a decision by the Court either granting the motion to compel or lifting the partial stay of discovery.  Thesis has offered no good cause for why the depositions of the three non-parties cannot go forward but, because this Court is disinclined to allow multiple depositions of a witness, if Recoop chooses to take the depositions of those individuals, they may be deposed on both the complaint and on the counterclaim and third-party

4

claims, notwithstanding the Court's stay of discovery on the counterclaim and third-party claims.[1]

Finally, Thesis seeks a protective order that it not be required to respond to Recoop's document demands and interrogatories on the grounds that they are untimely. On July 15, 2024, the Court entered a Case Management Plan and Scheduling Order that provided that initial requests for production of documents and interrogatories pursuant to Local Rule 33.3(a) were to be served by August 5, 2024. Dkt. No. 26. The order provided that "interim deadlines may be extended by the parties on consent without application to the Court," provided they did not interfere with the fact discovery deadline of November 12, 2024. *Id.* Recoop did not serve initial document demands and interrogatories until September 19, 2024. Dkt. No. 61-2. Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." *Furry Puppet Studio Inc. v. Fall Out Boy*, 2020 WL 4978080, at *1 (S.D.N.Y. Feb. 24, 2020). Further, "'[s]uch orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just and certain manner.'" *Id.* (quoting 3 J. Moore, Moore's Federal Practice § 16.14(1)(a) (3d ed. 2019)). Recoop has not provided any just cause for its failure to serve document requests and Rule 33.3(a) interrogatories on a timely basis. It states that it waited to serve the requests until after the Court resolved its motion for a stay of discovery, Dkt. No. 64 at 3, n.3, but that motion sought a stay of discovery only on the counterclaims and third-party claims of Thesis and not of Recoop's claims and was, in any event, decided on September 3, 2024. Accordingly, the motion for a protective order is granted without prejudice to reconsideration if, by October 14, 2024,

---

[1] If Thesis is frustrated from covering certain documents or topics because the Court has not permitted document discovery of Recoop, Thesis may make an application for a continued deposition of the three non-parties after the lifting of the partial stay of discovery.

5

Recoop provides good cause. Recoop may, however, serve interrogatories other than those under Local Rule 33.3(a). Thesis shall produce documents it intends to use at trial by October 19, 2024.

The motion for an order compelling discovery and for a protective order is GRANTED IN PART and DENIED IN PART.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 61.

SO ORDERED.

Dated: October 10, 2024
      New York, New York

                                         LEWIS J. LIMAN
                                    United States District Judge