ROTTENBERG LIPMAN RICH, P.C.

NEW JERSEY OFFICE
PARK 80 WEST, PLAZA ONE
250 PEHLE AVENUE, SUITE 601
SADDLE BROOK, NEW JERSEY 07663
TELEPHONE (201) 490-2022
TELECOPIER (201) 490-2040

THE HELMSLEY BUILDING
230 PARK AVENUE
EIGHTEENTH FLOOR
NEW YORK, NEW YORK 10169
TELEPHONE (212) 661-3080
TELECOPIER (212) 867-1914

WWW.RLRPCLAW.COM

STEVEN M. KAYMAN
MEMBER
SKAYMAN@RLRPCLAW.COM

December 20, 2024

**SO ORDERED.**

*/s/ Lewis J. Liman*
LEWIS J. LIMAN
United States District Judge

December 20, 2024

**BY ECF**

Honorable Lewis J. Liman, U.S.D.J.
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re: <u>Recoop LLC v. Outliers Inc., et al., Civil Action No.: 1:24-cv-01810-LJL</u>

Dear Judge Liman:

We represent Thesis and Daniel Freed in this action. This letter is respectfully submitted to seek clarification regarding the default deadline pertaining to the Court's December 5 Order. (ECF No. 94).

Specifically, the Court noted in the December 5 Order that Recoop's prior counsel requested a 30-day stay if withdrawal was granted. The Court then granted Recoop's prior counsel's motion to withdraw and granted leave for Thesis to file its requested motions but did not explicitly state whether the 30-day stay was imposed.

We thus seek the Court's confirmation that the Court granted a stay until Monday, January 6, the next business day after 30 days from the date of withdrawal, for Recoop to retain new counsel to avoid a default. Our interpretation of the Order is that if new counsel for Recoop appears on the docket by this date, then, barring any further orders of the Court setting a briefing schedule, Recoop would have the opportunity to oppose Thesis' motion for summary judgment (ECF No. 96) within fourteen days of such appearance under applicable court rules as well as Thesis' letter-motion to compel Recoop's compliance with the Court's August 2 Orders to pay Stroz Friedberg (ECF No. 95) within two days per your Honor's Individual Rules. Any further delay would be extremely prejudicial to Thesis, especially as Thesis has already been forced to pay Recoop's share of the forensic examination fees to Stroz Friedberg because Recoop was delinquent, which has caused Thesis significant issues to close out the year with unanticipated expenses.

We therefore respectfully request that the Court enter an order that Recoop's failure to timely oppose Thesis' pending motions with new counsel in accordance with the timeline set forth above will result in Recoop's default and thus dismissal of Recoop's Complaint.

Respectfully submitted,

*/s/ Steven M. Kayman*
Steven M. Kayman

cc: All counsel and parties of record (via ECF)