UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  1/10/2025
```

------------------------------------------------------------X

RECOOP LLC,

                                 Plaintiff,

        -v-

OUTLIERS INC. d/b/a THESIS
NOOTROPICS INC.,

                             Defendants.

--------------------------------------------------------- :

OUTLIERS INC. d/b/a THESIS
NOOTROPICS INC. and DANIEL
FREED,

                Counterclaim and
              Third Party Plaintiffs.

        -v-

RECOOP LLC and ANASTASIA ALT,

                Counterclaim and
              Third Party Defendants.

------------------------------------------------------------X

24-cv-01810 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

      Defendant Outliers Inc. d/b/a Thesis Nootropics Inc. ("Thesis") requests leave to file a

motion for Rule 11 sanctions against Plaintiff Recoop LLC ("Recoop") and to move for an

award of attorneys fees under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §

1836(b)(3)(D), for Recoop's allegedly bad faith misappropriation claim.  Dkt. No. 100.  Leave is

granted, and Thesis may make such motions by January 17, 2025.

      Thesis also asks that its pending motions for summary judgment, Dkt. No. 96, and to

compel compliance with the Court's August 2 cost-sharing orders, Dkt. No. 95, be granted as

unopposed, Dkt. No. 100 at 2.  On December 5, 2024, the Court granted the motion of prior counsel for Recoop to withdraw based upon irreconcilable differences that made representation of the client unreasonable.  Dkt. No. 94 at 3.  The Court also gave Thesis leave to file a motion to compel regarding the payment of Stroz Friedberg fees.  *Id.*  Plaintiff requested a 30-day stay to allow it time to retain new counsel.  By endorsement of December 20, 2024, the Court confirmed that it had granted the 30-day stay, such that Recoop had until January 6, 2025, to avoid a default.  Dkt. No. 98.

No counsel has appeared for Recoop.  As the Court previously has warned, corporate entities such as Recoop may not appear in federal court without an attorney.  Dkt. No. 74 at 1–2 (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202–03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney)).  Although Counterclaim Defendant Anastasia Alt, CEO of Recoop, has written to the Court seeking a stay of proceedings pending a review of a complaint filed by Recoop before the New York State Grievance Committee, Dkt. No. 99, that letter demonstrates no activity by Recoop to secure counsel to represent it in this proceeding.  Accordingly, the Court intends to proceed to consider the pending motions unopposed.  *See Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.").

SO ORDERED.

Dated: January 10, 2025
     New York, New York

_____
LEWIS J. LIMAN
United States District Judge