```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
RECOOP LLC,                                                      :
                                                                 :
                        Plaintiff(s),                            :
                                                                 :     24-cv-1810 (LJL)
         -v-                                                     :
                                                                 :        ORDER
OUTLIERS INC. d/b/a THESIS NOOTROPICS INC. et                    :
al.,                                                             :
                                                                 :
                        Defendants.                              :
                                                                 X
-----------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/11/2025

LEWIS J. LIMAN, United States District Judge:

Counterclaim and Third-Party Defendants Recoop LLC ("Recoop") and Anastasia Alt ("Alt") move, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the counterclaims and third-party complaint of Counterclaim and Third-Party Plaintiffs Outliers Inc. d/b/a Thesis Nootropics Inc. ("Thesis") and Daniel Freed ("Freed") for lack of subject matter jurisdiction. Dkt. No. 151. Freed moves the Court for an order, pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1(a), granting him leave to file a Second Amended Answer with Counterclaims and Third-Party Claims which would add a third-party claim by him against Recoop to confirm an arbitral award rendered in an arbitration before the American Arbitration Association. Dkt. No. 153. The motion to dismiss the third-party complaint for lack of subject matter jurisdiction is denied and the motion to amend is granted. Freed and Thesis shall file their Second Amended Answer with Counterclaims and Third-Party Claims no later than November 19, 2025.

### I.     Background

Familiarity with the prior proceedings in this matter, as recounted in the Court's opinion

and order of April 14, 1025, is presumed.  Dkt. No. 108; *see Recoop LLC v. Outliers Inc.*, 2025 WL 1104910 (S.D.N.Y. Apr. 14, 2025).  Recoop initiated this action by complaint filed on March 8, 2024.  Dkt. No. 1.  Recoop asserted claims against Thesis under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836(b)(3)(D), and the federal Wiretap Act, 18 U.S.C. § 2510 *et seq.*, as well as under the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code §§ 630–638, and the common law.  *Id.*  Recoop invoked federal question jurisdiction under 28 U.S.C. § 1331 with respect to the federal claims and supplemental jurisdiction with respect to the remaining claims.  *Id.* ¶¶ 14–15.  Thesis answered on May 24, 2024 and, with Freed, asserted counterclaims and third-party claims.  Dkt. No. 13.  Thesis and Freed alleged claims of defamation, breach of contract, and tortious interference with prospective business relations and sought a declaratory judgment as to a release contained in a separate agreement between Recoop and Freed.  *Id.* ¶¶ 71–111.  Thesis and Freed invoked federal question and supplemental jurisdiction on the theory that their claims were part of the same case or controversy as the underlying claims against Thesis filed by Recoop.  *Id.* ¶¶ 15–16.[1]

On June 28, 2024, Recoop filed a First Amended Complaint once again invoking federal question and supplemental jurisdiction and asserting claims under the DTSA and the federal Wiretap Act along with the state-law claims.  Dkt. No. 19 ¶¶ 14–15, 49–102.  On July 3, 2024, Thesis filed an Amended Answer and Counterclaims against Recoop and Alt and Freed filed third-party claims against Recoop and Alt asserting the same claims and federal question and supplemental jurisdiction.  Dkt. No. 23.

---

[1] Thesis and Freed also invoked diversity jurisdiction.  *Id.* ¶ 14.  That basis for jurisdiction is insufficiently pleaded.  Although Thesis and Freed plead that Alt is diverse because she is domiciled in Nevada, it does not plead the citizenship of all of the members of Recoop, which is a limited liability company, and thus fails to establish diversity with respect to that entity.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990) ("diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members, the several persons composing such association, each of its members.") (cleaned up).  This defect may be curable as it appears undisputed that Alt is the sole member of Recoop.

On December 13, 2014, Thesis and Freed filed a motion for summary judgment. Dkt. No. 96. They argued that the complaint's allegations were conclusory and that analysis by a forensic examiner revealed no evidence of the kind of unauthorized access that formed the basis of Alt's claims. Dkt. No. 96-15. The motion was not opposed. *See* Dkt. No. 101. On April 14, 2025, the Court issued an Opinion and Order granting Thesis's motion for summary judgment. Dkt. No. 108. The Court granted judgment to Thesis on all of Recoop's claims. It retained a motion for attorney's fees *sub judice*. Recoop moved for reconsideration, Dkt. No. 115, and, on June 20, 2025, the Court denied the motion for reconsideration, Dkt. No. 129. It also denied the pending motions for Rule 11 sanctions and attorney's fees. *Id.*[2] The claims of Thesis and Freed remain pending.

On October 9, 2025, Thesis and Freed filed a motion for leave to file a Second Amended Answer with Counterclaims and Third-Party Claims. Dkt. No. 153. The same day, Plaintiffs filed a motion to dismiss the Counterclaims and Third-Party Complaint for lack of jurisdiction. Dkt. No. 151. Plaintiffs filed an opposition to Freed's motion on October 16, Dkt. No. 155, and Freed filed a reply in support on October 31, Dkt. No. 156.[3]

## II.     Jurisdiction

The motion of Alt and Recoop to dismiss the claims of Freed and Thesis for lack of subject matter jurisdiction is premised on the notions that (1) there exists no diversity jurisdiction with respect to the latter's state-law claims because Alt, Freed, and Thesis are all citizens of New York and (2) that when the Court granted judgment to Thesis on Recoop's claims "any

---

[2] Proceedings in this matter were delayed for a period of time when in August 2025, counsel for Recoop and Alt moved to withdraw. Dkt. Nos. 133, 135–37. The Court granted that motion on September 24, 2025. Dkt. No. 146. On October 3, 2025, new counsel appeared for Recoop and Alt. Dkt. No. 148.

[3] Additionally, Plaintiffs filed a letter motion for leave to file a further reply to Freed's opposition to their motion. Dkt. No. 157. The Court grants the letter motion, and the Clerk of Court is respectfully requested to close Dkt. No. 157.

possibility for supplemental jurisdiction over state law Counterclaims evaporated." Dkt. No. 151-1 at 2; *id.* at 11–15.  Alt and Recoop rely primarily on the Supreme Court's decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) for the proposition that "once underlying federal claims are dismissed, whether voluntarily or involuntarily, the federal court no longer has supplemental jurisdiction over any state-law claims and *must* dismiss them for lack of jurisdiction regardless of how much time the case has spent in federal court and regardless of any policy-based concerns about judicial economy or otherwise."  Dkt. No. 151-1 at 12.  Alt and Recoop misread that decision.  *Royal Canin* does not undermine the Court's jurisdiction over the state-law claims of Thesis and Freed in this case.

Section 1367(a) of Title 28 sets out the basis for supplemental jurisdiction in federal court.  It provides in full:

> Except as provided in subsections (b) and (c), or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involved the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).  Subsection (b) limits the exercise of supplemental jurisdiction when original jurisdiction is founded solely on diversity jurisdiction.  28 U.S.C. § 1367(b).  Subsection (c) provides the circumstances under which a court vested with supplemental jurisdiction may decline to exercise it.  28 U.S.C. § 1367(c).

In *Royal Canin*, the Supreme Court held that when a plaintiff "amends her complaint to withdraw the federal claims, leaving only state law claims behind, she divests the federal court of adjudicatory power" over any state-law claims pled on the basis of supplemental jurisdiction. 604 U.S. at 32.  The holding stemmed from the propositions that "[t]he plaintiff is 'the master of

4

the complaint,'" who gets to choose which substantive claims to bring and the basis for the court's subject-matter jurisdiction, *id.* at 35 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987)), and that when a complaint is amended, the new complaint "is now the operative one; the old complaint has become irrelevant," *id.* at 36. As a result of the plaintiff's election, the federal claims are "gone [a]nd gone for good as well." *Id.* 33. Thus, through a voluntary dismissal of all of her federal claims, a plaintiff may strip a court of supplemental jurisdiction to hear her adversary's state-law counterclaims.

However, the Court in *Royal Canin*, like the text of the supplemental jurisdiction statute, 28 U.S.C. § 1367, drew a distinction between the circumstance where the plaintiff voluntarily withdraws all her federal claims and the circumstance where the district court dismisses those claims. "When federal claims are dismissed by the district court, as in § 1367(c), an appellate court may yet revive them." *Id.* at 33. For that reason, the district court need not dismiss the supplemental state claims when it has dismissed the federal claims—whether it retains jurisdiction is "discretionary." *Id.* In other words, a court does not lose the power to decide state-law claims when it grants judgment or otherwise dismisses the federal claims upon which supplemental jurisdiction over the state law claims is predicated.

Recoop did not file an amended complaint in this case eliminating the federal claims or take any other action to withdraw them. Its operative complaint in this action asserts two federal claims and invokes federal question jurisdiction. *See* Dkt. No. 19. Even after the court disposed of those federal claims on summary judgment, Recoop pressed them again by seeking reconsideration of the Court's order granting summary judgment, Dkt. No. 115, and by filing a notice of appeal, Dkt. No. 118 (although the latter action appears to have been ineffective in the absence of a final judgment.) Recoop did not dismiss its federal claims; it lost them. And its

5

federal claims are not "gone for good." *Royal Canin*, 604 U.S. at 33. They remain available if Recoop convinces the appellate court that this Court erred in granting the motion for summary judgment. Accordingly, the Court is not divested of jurisdiction, and it may exercise supplemental jurisdiction over the state law counterclaims and third-party claims if doing so is appropriate.

To exercise supplemental jurisdiction over state-law claims, those claims must be "so related to claims in the action with such original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Recoop and Alt do not dispute that the counterclaims and third-party claims of Thesis and Freed respectively arise from the "same 'common nucleus of operative fact,'" such that the Court has subject matter jurisdiction under Section 1367(a). *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d. Cir. 2011) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). The counterclaims and third-party claims arise directly out of the underlying dispute alleged in the complaint. The complaint alleges that Thesis, through Freed, accessed Recoop's confidential information, built its business on that confidential information, and did not disclose to its investors that it was in possession of data originating from Recoop. Dkt. No. 1 ¶¶ 35, 38–43. The counterclaims and third-party claims allege that Freed obtained access to Recoop's information in his capacity as a co-founder of Recoop, that he enjoys a release from Recoop's claims as a result of his separate agreement from Recoop, and that Recoop and Alt have been defaming him and interfering with his relations with investors and other third parties by spreading false information that Freed had misappropriated Recoop's information and engaged in illegal hacking and/or wiretapping. *See generally* Dkt. No. 13.

Having established that the counterclaims and third-party claims arise from the same

6

nucleus oof operative fact, and thus are properly considered under the doctrine of supplemental jurisdiction, the Court nevertheless considers whether it should "decline to exercise supplemental jurisdiction" under the factors laid out in Section 1367(c).  That section provides that a district court may decline to exercise jurisdiction over a claim for which it has subject matter jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Court will exercise supplemental jurisdiction here.  The counterclaims and third-party claims do not raise any novel or complex issue of state law.  The legal questions are those that the Court confronts and addresses routinely in disputes between former business partners.  Nor can the Court say that Thesis and Freed's claims "substantially predominate" over the federal claims made by Recoop granting this court original jurisdiction.  Each set of claims reflects the inverse of the other.  It is true that the Court has dismissed all of the claims over which it had original jurisdiction, but it has done so only after deciding the motion of Thesis for summary judgment.  Although in the "unusual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining jurisdiction over the remaining state-law claims," *Gibbs*, 383 U.S. at 726, that is not an absolute rule.  *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83 (2d Cir. 2018) ("there will be cases where dismissal will not be appropriate simply by virtue of the fact that the federal-law claims have been eliminated prior to trial").  The Court retains the "power" to exercise supplemental

7

jurisdiction even where the federal claims have been eliminated, especially where the Court has "already expended substantial resources on the case"; declining jurisdiction now would "facilitate [Plaintiff's] bald effort to avoid an unfavorable outcome." *Mizuna, Ltd. v. Crossland Fed. Sav. Bank*, 90 F.3d 650, 657 (2d Cir. 1996). The Court has invested substantial time and resources in the underlying events at issue in this lawsuit. Additionally, Recoop and Alt identify no compelling reasons why the Court should decline jurisdiction. "[W]eigh[ing] and balance[ing]" the factors outlined in Section 1367(c), *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir. 1994), the Court exercises its discretion to retain jurisdiction. *See Penney's Construction Co., LLC v. Ducci Electrical Contractors, Inc.*, 2024 WL 3455723, at *10 (D. Conn. July 18, 2024) (retaining jurisdiction after federal claims were dismissed because "the case has been pending for more than two years; no party has suggested that the state claims involve novel issues of state law; discovery is complete; and dispositive motions have been filed."); *Thomsen v. City of New York*, 2016 WL 590235, at *4 (S.D.N.Y. Feb. 11, 2016) (similar).

### III. Leave to File a Second Amended Answer

Freed, with the support of Thesis, seeks leave to file a Second Amended Answer with Counterclaims and Third Party Claims to add a third party claim under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, by Freed against Recoop to confirm a Final Award, dated May 16, 2025, together with the Interim Award, dated January 21, 2025 (collectively, the "Award") rendered in an arbitration before the Honorable Billie Colombaro (Ret.) of the AAA and for entry of judgment thereon.

On June 7, 2024, Freed and Thesis filed a Complaint and Demand for Arbitration with the AAA seeking a declaration that Freed was contractually entitled to advancement of his expenses and to indemnification by Recoop for the defense costs in this action. Dkt. No. 153-6.

8

On January 27, 2025, the AAA issued the Interim Award declaring that Freed (but not Thesis) was entitled to advancement of his expenses in this action under Recoop's Operating Agreement. Dkt. No. 153-10 at 2–6. On May 19, 2025, the AAA issued the Final Award, declaring that Freed was entitled to indemnification and had been awarded (i) $380,190.75 for advanced expenses and (ii) $14,802.50 representing the portion of the arbitrator's fees ordered to be reimbursed by Recoop. *Id.* at 7–12. The proposed new pleading would add a fifth third party claim under the FAA for confirmation and judgment with respect to the Award. Dkt. No. 153-12 ¶¶ 125–36.

Federal Rule of Civil Procedure 15(a)(2) directs that leave to amend a pleading should be "freely" given "when justice so requires." *Dougherty v. Town of N. Hempsted Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) (citing Fed. R. Civ. P. 15(a)). The court may deny such a motion only on grounds of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). However, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). Where, as here, the motion to amend is made after that last date for amendments set forth in a case management plan then the moving party must also show "good cause" for his late filing. *See Pristine Jewelers NY, Inc. v. Broner*, 492 F. Supp. 3d 130, 131–32 (S.D.N.Y. 2020).

Freed has shown good cause for the timing of the amendment. At the time of the deadline for amended pleadings, there had been no Award to confirm.[4] There also has been no undue delay, bad faith, or dilatory tactics in connection with the filing nor will Recoop suffer

---

[4] The deadline to amend pleadings set forth in the Court's July 15, 2024 Case Management Plan was August 14, 2024. Dkt. No. 26.

undue prejudice. *See AT&T Corp. v. Atos IT Sols and Servs.*, 714 F. Supp. 3d 310, 340–41 (S.D.N.Y. 2024) (bad faith exists where the earlier decision not to plead "was a tactical one," and prejudice exists where "the proposed amendment causes the nonmoving party to expend significant additional resources," or "causes significant delay to the disposition of the original claim or claims") (internal citations omitted). The Final Award was issued on May 19, 2025, Dkt. No. 153-10 at 7–12, and this motion was filed on October 10, 2025, Dkt. No. 153. Freed moved for permission to file a formal motion to assert the third party claim on September 22, 2025, which the Court granted with a filing deadline of October 10, 2025. Dkt. Nos. 142, 146, 150. The claim under the FAA also is not futile. *See AT&T Corp.*, 714 F. Supp. 3d at 328 ("leave to amend will be denied as futile only if the proposed new claims cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim"). The statute of limitations for an application to confirm an arbitral award is one year. 9 U.S.C. § 9.

Alt and Recoop's principal response is that the FAA does not provide an independent basis for federal jurisdiction and that the Court does not have diversity jurisdiction. *See* Dkt. No. 155 at 2–3 (citing *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) and *Badgerow v. Walters*, 596 U.S. 1, 4 (2022)).[5] That argument, however, gets Recoop and Alt only so far. In *Badgerow*, the Supreme Court made clear that the Court could hear an application to confirm an arbitral award if it had an "independent jurisdictional basis" to resolve the matter. 596 U.S. at 4, 8. Recoop and Alt argue that the Court does not have such an independent jurisdictional basis because there is no diversity. But, as the Court has explained above, it has federal question jurisdiction in this matter. Accordingly leave is granted to file the Second Amended Answer

---

[5] Alt and Recoop also cite a March 4, 2025 Amended Interim Award that suspended any obligation to pay advancement "until the proper amount of an advancement can be determined and ordered to be paid." Dkt. No. 155-1 at 5. Freed pleads that the Final Award determined the proper amount to be paid.

10

with Counterclaims and Third Party Claims.

The Clerk of Court is respectfully directed to close the motions at Dkt. No. 151 and 153.

SO ORDERED.

Dated: November 11, 2025
      New York, New York

                                         LEWIS J. LIMAN
                                   United States District Judge