USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_12/30/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
RECOOP LLC,                                                       :
                                                                  :
                              Plaintiff,                          :
                                                                  :          24-cv-01810 (LJL)
        -v-                                                       :
                                                                  :          OPINION AND ORDER
OUTLIERS INC. d/b/a THESIS                                        :
NOOTROPICS INC.,                                                 :
                                                                  :
                              Defendant.                          :
                                                                  :
-------------------------------------------------------------- :
                                                                  :
OUTLIERS INC. d/b/a THESIS                                        :
NOOTROPICS INC. and DANIEL                                        :
FREED,                                                            :
                              Counterclaim and                    :
                              Third-Party Plaintiffs.             :
                                                                  :
        -v-                                                       :
                                                                  :
RECOOP LLC and ANASTASIA ALT,                                    :
                                                                  :
                              Counterclaim and                    :
                              Third-Party Defendants.             :
                                                                  :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Third-Party Plaintiff Daniel Freed ("Freed") moves, pursuant to Federal Rule of Civil Procedure 56, for an order granting him partial summary judgment against Third-Party Defendant Recoop LLC ("Recoop") and confirming the Final Award, dated May 16, 2025, together with the Interim Award, dated January 21, 2025 (collectively, the "Award"), rendered in an arbitration (the "Arbitration") before the Honorable Billie Colombaro (Ret.) of the American Arbitration Association ("AAA").  Dkt. No. 168.

**BACKGROUND**

Familiarity with the prior proceedings in this matter is presumed.  On March 8, 2024, Recoop initiated this action against Defendant Outliers Inc. d/b/a Thesis Nootropics Inc. ("Thesis"), alleging claims under the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836 *et seq.*, the federal Wiretap Act, 18 U.S.C. §§ 2510 *et seq.*, and the California Invasion of Privacy Act, Cal. Penal Code §§ 630–638, and for unfair competition and unjust enrichment. Dkt. No. 1.  Thesis answered the complaint on May 24, 2024.  Dkt. No. 13.  It also filed a counterclaim against Recoop and Anastasia Alt ("Alt"), the CEO and co-founder of Recoop.  *Id.* at 14–33 ("Countercl."); Countercl. ¶¶ 19, 22.  In addition, Freed, the CEO of Thesis and a former co-founder, member, officer and employee of Recoop, Countercl. ¶ 1, filed a third-party complaint against Recoop and Alt for defamation, breach of contract, and tortious interference with prospective business relations and seeking a declaratory judgment regarding the rights and obligations of Recoop and Freed under a separation agreement they entered into on February 29, 2020, *id.* ¶ 9.

Freed and Recoop are parties to the Recoop LLC Limited Liability Company Agreement dated February 27, 2019 (the "LLC Agreement").  *Id.* ¶ 26; Dkt. No. 13-1.  The LLC Agreement contains an indemnification provision:

> The LLC shall, to the fullest and broadest extent permitted by law, indemnify and hold harmless each agent . . . against losses and damages arising out of liabilities or expenses incurred by him as a result of serving in the capacity by reason of which such Person is deemed to be an "agent" pursuant to this subsection (a), regardless of whether the agent is or continues to be a Member, Manager or Officer at the time any such liability or expense is paid.

Dkt. No. 13-1 ¶ 12.1.

The LLC Agreement also contains an arbitration clause.  It provides in pertinent part:

> Any controversy, dispute, or claim arising out of, in connection with, or in relation to the interpretation, performance or breach of this Agreement . . . , including,

> without limitation, any claim based on contract, tort, or statute, shall be resolved or determined, at the request of any party, by arbitration conducted in New York, NY, in accordance with the then-existing Rules for Commercial Arbitration of the American Arbitration Association.  Any judgment or award rendered by the arbitrator will be final, binding and non-appealable, and judgment may be entered by any State or Federal court having jurisdiction thereof.

*Id.* ¶ 14.10.

On June 7, 2024, Freed and Thesis filed a complaint and demand for arbitration with the AAA against Recoop, seeking a declaration that Freed was contractually entitled to advancement of his expenses and to indemnification by Recoop for the defense costs of this action.  Dkt. No. 168 ¶¶ 1–2; Dkt. No. 169 ¶¶ 1–2.

A hearing in the arbitration was held before retired Judge Colombaro on January 7, 2025. Dkt. No. 169 ¶ 6.  Freed and Alt testified.  *Id.*

On January 21, 2025, the AAA issued an interim award, ordering that Freed was entitled to an advancement from Recoop for the legal expenses and costs he incurred defending himself and his actions in this lawsuit.  Dkt. No. 168-2 at 6.[1]  The arbitrator also concluded that Thesis was not entitled to an advancement.  *Id.*

On February 14, 2025, the arbitrator issued a further interim award, ordering that Recoop pay Freed $380,190.75 for advancement no later than five business days from the date of the award.  *Id.* at 10.  The arbitrator issued an amended interim award on March 4, 2025, suspending the payment deadline for the February 14, 2025 interim award so that the arbitrator could determine the proper amount of an advancement in light of the filing of Freed's counterclaims. *Id.* at 15.  Treating Alt's objections to the February 14, 2025 interim award as a motion for reconsideration, the arbitrator issued another interim award on April 2, 2025, confirming the

---

[1] Citations to this docket entry use ECF pagination.

February 14, 2025 interim award and awarding Freed an advancement in the amount of

$380,190.75. *Id.* at 17–18.

In this case, on April 14, 2025, the Court issued an order granting summary judgment to

Thesis on all of the claims in Recoop's First Amended Complaint. Dkt. No. 108.[2]

On May 19, 2025, the arbitrator issued the Final Award which is dated May 16, 2025.

Dkt. No. 168-2 at 20–25. The arbitrator ordered:

> Mr. Freed is entitled to indemnification and reimbursement of all legal fees and expenses incurred resulting from his having to defend himself in the underlying litigation and in this Arbitration, including but not limited to "expert witness expenses" and fees/expenses incurred in this final phase in the arbitration.

*Id.* at 25.

The arbitrator referenced the prior determination that Freed was entitled to advancement

in the amount of $380,190.75. *Id.* at 21. The arbitrator also ordered that Recoop was responsible

for the AAA's administrative fees of $18,575.00 and the arbitrator's compensation, totaling

$17,105.00, and directed that Recoop reimburse Freed the sum of $14,802.50 in fees previously

incurred and paid by Freed. *Id.* at 25.

On October 10, 2025, Freed moved for leave to file an amended third-party claim seeking

to confirm the Interim Award and the Final Award. Dkt. No. 153. The Court granted that

motion on November 11, 2025. Dkt. No. 159.[3]

Freed filed his amended third-party complaint on November 18, 2025. Dkt. No. 163. Alt

and Recoop answered the third-party complaint on December 2, 2025. Dkt. No. 167. On

---

[2] On June 28, 2024, Recoop filed a First Amended Complaint asserting claims under the DTSA and federal Wiretap Act along with state-law claims. Dkt. No. 19. On July 3, 2024, Thesis filed an Amended Answer and Counterclaims against Recoop and Alt, and Freed filed third-party claims against Recoop and Alt. Dkt. No. 23.

[3] The Court also denied the motion of Alt and Recoop to dismiss the claims of Freed and Thesis for lack of subject matter jurisdiction. Dkt. No. 159 at 3–8.

December 5, 2025, Freed filed this motion for partial summary judgment.  Dkt. No. 168.  The motion is supported by a memorandum of law in support of the motion, the affidavit of Lauren Rayner Davis, a Rule 56.1 statement, and exhibits.  *Id.*  Recoop filed a response on December 19, 2025.  Dkt. No. 169.  On December 26, 2025, Freed filed a reply memorandum of law in further support of the motion for partial summary judgment.  Dkt. No. 171.

## LEGAL STANDARD

Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, sets forth the procedures under which arbitration awards are to be confirmed by district courts.  The statute provides that the district court must grant a petition to confirm an arbitration award if it is properly brought within one year of the date of the award, unless one of the statutory bases for vacating or modifying the award is established.  *See id.* §§ 9–11; *see also Ottley v. Schwartzberg*, 819 F.2d 373, 375 (2d Cir. 1987).  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'"  *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

There is a "strong federal policy favoring arbitration, the enforcement of arbitration agreements and the confirmation of arbitration awards."  *Pike v. Freeman*, 266 F.3d 78, 89 (2d Cir. 2001).  "[T]he confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).  As a summary proceeding, the decision of whether to confirm an arbitral award "is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm."  *Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007).  The review of arbitration awards is "very limited . . . in order to avoid undermining the twin goals of arbitration, namely, settling

disputes efficiently and avoiding long and expensive litigation." *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993).

An award may be vacated only under limited circumstances: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a). In addition, the Second Circuit has held that the "court may [] 'set aside an arbitration award if it was rendered in manifest disregard of the law.'" *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 588 (2d Cir. 2016) (quoting *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451 (2d Cir. 2011)).

A petition to confirm an arbitration award "and accompanying record [are] treated as akin to a motion for summary judgment based on the movant's submissions." *D.H. Blair*, 462 F.3d at 109. To prevail on a motion for summary judgment, the movant bears the burden of "show[ing] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted); *see also Eisenhauer v. Culinary Inst. of Am.*, 84 F.4th 507, 515 (2d Cir. 2023).

6

Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") sets forth specific requirements about how the facts relied upon by the moving party and disputed by the opposing party are to be presented. Any party moving for summary judgment must "annex[ ] to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." L. Civ. R. 56.1(a). Local Rule 56.1(b), in turn, requires the party opposing the motion to "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." *Id.* 56.1(b). All assertions in a Local Rule 56.1 statement "must be followed by citation to evidence which would be admissible." *Id.* 56.1(d). "Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." *Id.* 56.1(c).

## DISCUSSION

There are no genuine issues of fact here, and Freed is entitled to judgment as a matter of law. Freed and Recoop are parties to a valid arbitration agreement. Dkt. No. 168-9 ¶ 10; Dkt. No. 169 ¶ 10; Dkt. No. 13-1 ¶ 14.10. Recoop does not dispute that Freed's claims were submitted to arbitration or that they fall within the scope of that agreement. Dkt. No. 168-9 ¶¶ 1, 10; Dkt. No. 169 ¶¶ 1, 10. It is further undisputed that the hearing was held before a neutral arbitrator and that both Freed and Alt testified at the hearing. Dkt. No. 168-9 ¶¶ 5–6; Dkt. No. 169 ¶¶ 5–6. The Final Award grants Freed advanced expenses in the amount of $380,190.75 and arbitrator fees in the amount of $14,802.50. Dkt. No. 168-9 ¶ 8; Dkt. No. 169 ¶ 8. The award is

not subject to any application to vacate, modify, or set aside.  Dkt. No. 168-9 ¶14; Dkt. No. 169 ¶ 14.

Recoop objects to Freed's statements that Recoop attempted to evade its obligation to advance expenses by naming Thesis and not Freed as a defendant in this action, Dkt. No. 169 ¶ 2, and that this Court found no evidence of wrongdoing by Freed or Thesis in the summary judgment decision, *id.* ¶ 7.  The Court held that Recoop failed to identify facts supporting its claims against Thesis.  Dkt. No. 108.  The Court need not decide Recoop's intent in deciding not to name Freed as a defendant.  The arbitrator found that "simply because [Recoop] chose not to name Mr. Freed as a defendant in its lawsuit does not exonerate [Recoop] from its obligation under [¶] 12.1 to provide him an advancement of his legal expenses/costs."  Dkt. No. 168-2 at 6.  Recoop offers no objection to the validity of the arbitral award.

Freed has established his entitlement to summary judgment confirming the Final Award.

## CONCLUSION

The Final Award is confirmed.[4]  Freed is awarded expenses in the amount of $380,190.75 and arbitrator fees in the amount of $14,802.50, prejudgment interest from May 19, 2025 at the applicable statutory rate, and post-judgment interest from the date of this Order until this Order is satisfied.[5]  Freed and Thesis are ordered by 30 days from date of this Opinion and

---

[4] Freed also appears to seek confirmation of the Interim Award.  However, the Interim Award did not "finally and conclusively" determine a separate and independent claim and thus cannot be confirmed.  *See Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007).  The distinction is immaterial in any event.  The Final Award incorporates the rulings of the Interim Award setting the amount for indemnification and advancement at $380,190.75.  *Id.* at 17–18.

[5] Recoop does not object to the award of interest.  Freed also seeks reasonable attorneys' fees incurred in connection with confirming the Final Award.  Dkt. No. 168 at 2.  However, he cites no authority for such relief.  To the extent that Freed continues to seek such relief and has authority for it, he may make a supplemental motion for summary judgment within one week of the date of this Opinion and Order.  Recoop will have two weeks to respond and Freed will have one week from the date of service of Recoop's response to reply.

Order to submit a letter to the Court indicating whether they intend to continue to prosecute their

third-party claim and counterclaims respectively and, if not, whether those claims may be

dismissed and final judgment entered in this case.

The Clerk of Court is respectfully directed to close Dkt. No. 168.


SO ORDERED.


Dated: December 30, 2025

New York, New York                                                   LEWIS J. LIMAN

United States District Judge