UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
RECOOP LLC,                                                        :
                                                                   :
                                        Plaintiff,                 :
                                                                   :                24-cv-01810 (LJL)
                -v-                                                 :
                                                                   :          MEMORANDUM AND
OUTLIERS INC. d/b/a THESIS                                          :               ORDER
NOOTROPICS INC.,                                                    :
                                                                   :
                                        Defendant.                 :
                                                                   :
------------------------------------------------------------------ :
                                                                   :
OUTLIERS INC. d/b/a THESIS                                          :
NOOTROPICS INC. and DANIEL                                          :
FREED,                                                             :
                                Counterclaim and                   :
                                Third-Party Plaintiffs.            :
                                                                   :
                -v-                                                 :
                                                                   :
RECOOP LLC and ANASTASIA ALT,                                      :
                                                                   :
                                Counterclaim and                   :
                                Third-Party Defendants.            :
                                                                   :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Third-Party Defendant Anastasia Alt ("Alt") moves the Court for an order dismissing all

counterclaims and third-party claims for lack of subject matter jurisdiction.  Dkt. No. 173.  The

motion is denied.

This is Alt's third attempt to dismiss the counterclaims and third-party claims for lack of

subject matter jurisdiction.  Alt moved to dismiss the case for lack of subject matter jurisdiction

on October 9, 2025.  Dkt. No. 151.  When the Court denied that motion on grounds that the

complaint in this case asserted federal claims, *see* Dkt. No. 159, Plaintiff Recoop LLC

("Recoop") attempted to achieve the same objective by withdrawing the federal claims that the Court had already dismissed. *See* Dkt. No. 160. That attempt failed because under Federal Rule of Civil Procedure 41(a)(2), the "action" could be dismissed only by court order. *See* Dkt. No. 164.

Now, in the face of the Court's opinion granting summary judgment to Third-Party Plaintiff Daniel Freed, *see* Dkt. No. 172, Alt and Recoop (the company of which she is CEO) have attempted to reach the same place through a different vehicle. Alt and Recoop have filed an amended answer to the counterclaims and third-party claims in which they interpose an affirmative defense of lack of subject matter jurisdiction and purport to waive with prejudice the right to seek reconsideration or appellate review of the dismissed claims in this case. Dkt. No. 167 at 9. They rely upon *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). Alt's argument fails. The Court has supplemental jurisdiction.

*Royal Canin* answered the question whether, if "the plaintiff amended her complaint to delete all the federal-law claims, leaving nothing but state-law claims behind[,] . . . the federal court [may] still adjudicate the now purely state-law suit." *Id.* at 25. It answered that question in the negative. The Court's decision turned upon the notions that an amended complaint "'supersedes' the old one," and that pleadings "can either create or destroy jurisdiction." *Id.* at 35. "[T]he presence of jurisdiction . . . hinges on the . . . operative pleading." *Id.* at 39. The Court stated the rule as follows:

> Section 1367 contemplates that when an amended complaint is filed, the jurisdictional basis for the suit is reviewed answer. If nothing in the amended complaint now falls 'within [the federal court's] original jurisdiction,' then neither does anything fall within the court's 'supplemental jurisdiction.'

*Id.* at 34 (quoting 28 U.S.C. § 1367(a)).

The operative complaint here stated federal claims and therefore vested the Court with subject matter jurisdiction.  The Court continues to have that jurisdiction because the federal claims were dismissed on the merits and not voluntarily dismissed.  Having invoked the Court's jurisdiction, Alt cannot now strip it through her affirmative defense purporting to waive the right to an appeal any more than she could through the ineffective attempt to file an amended pleading unilaterally withdrawing her federal claims.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 173.

SO ORDERED.

Dated: January 7, 2026
      New York, New York

                                     LEWIS J. LIMAN
                           United States District Judge