UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

RECOOP LLC,

                    Plaintiff,

      -v-

OUTLIERS INC. d/b/a THESIS
NOOTROPICS INC.,

                    Defendant.

------------------------------------------------------------

OUTLIERS INC. d/b/a THESIS
NOOTROPICS INC. and DANIEL
FREED,

                Counterclaim and
                Third-Party Plaintiffs.

      -v-

RECOOP LLC and ANASTASIA ALT,

                Counterclaim and
                Third-Party Defendants.

------------------------------------------------------------------X

24-cv-01810 (LJL)

MEMORANDUM AND
ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/09/2026

LEWIS J. LIMAN, United States District Judge:

Third-Party Plaintiff Daniel Freed moves, pursuant to Federal Rule of Civil Procedure 54(b) and 58(b)(1)(B), for entry of final judgment on his third party claim confirming the Final Arbitration award, directing the Clerk of Court to enter separate judgment, and, pursuant to Federal Rule of Civil Procedure 62(a), lifting the 30-day automatic stay to permit immediate enforcement and registration. Dkt. No. 187. The motion is granted.

**BACKGROUND**

Familiarity with the prior proceedings in this matter is presumed.  The case was initiated when plaintiff Recoop LLC ("Recoop") filed a complaint against defendant Outliers Inc. d/b/a Thesis Nootropics Inc. ("Thesis") for trade secret misappropriation in violation of the federal Defend Trade Secrets Act, 18 U.S.C. §§ 1836 *et seq.*, illegal wiretapping under the federal Wiretap Act, 18 U.S.C. §§ 2510 *et seq.*, violations of the California Invasion of Privacy Act, Cal. Penal Code §§ 630–638, unfair competition, and unjust enrichment.  Dkt. No. 1.  Thesis answered the complaint on May 24, 2024.  Dkt. No. 13.  The answer also contained a counterclaim against Recoop and its CEO and co-founder, Anastasia Alt, for defamation, breach of contract, and tortious interference.  *Id.* at 14–13.  Freed, Alt's co-founder and the CEO of Thesis, then filed a third-party complaint against Recoop and Alt for defamation, breach of contract, and tortious interference with prospective business relations and seeking a declaratory judgment regarding the rights and obligations of Recoop and Freed under a separation agreement they entered into on February 29, 2020.  *Id.* ¶ 9.

Recoop filed a First Amended Complaint on June 28, 2024.  Dkt. No. 19.

On April 14, 2025, the Court issued an Opinion and Order granting summary judgment to Thesis on all of the claims in Recoop's First Amended Complaint.  Dkt. No. 108.

Meanwhile, on June 7, 2024, Thesis and Freed filed a complaint and demand for arbitration with the American Arbitration Association ("AAA") seeking a declaration that Freed was contractually entitled to advancement of his expenses and to indemnification by Recoop for the defense costs of this action.  Dkt. No. 168 ¶¶ 1–2; Dkt. No. 169 ¶¶ 1–2.  On May 19, 2025, the arbitrator issued a Final Award, dated May 16, 2025, finding that Freed was entitled to indemnification and reimbursement of all legal fees and expenses incurred resulting from his having to defend himself in this litigation and in the arbitration.  Dkt. No. 168-2 at 25.  On

October 10, 2025, Freed moved for leave to file an amended third-party claim seeking to confirm the arbitration award. Dkt. No. 153. The Court granted that motion on November 11, 2025, Dkt. No. 159, and Freed filed an amended third-party complaint on December 2, 2025, Dkt. No. 167.

On December 5, 2025, Freed filed a motion for partial summary judgment on his claim for the arbitration award to be confirmed. Dkt. No. 168. On December 30, 2025, the Court issued an Opinion and Order confirming the Final Award and awarding Freed expenses in the amount of $380,190.75, arbitrator fees in the amount of $14,802.50, prejudgment interest from May 19, 2025 at the applicable statutory rate, and post-judgment interest from the date of the Court's order until the order was satisfied. Dkt. No. 172 at 8; *Recoop LLC v. Outliers Inc.*, 2025 WL 3761802, at *4 (S.D.N.Y. Dec. 30, 2025).

## DISCUSSION

Freed argues that the Court should enter partial final judgment on Freed's claim for confirmation of the Final Award of the arbitrator because that claim is finally adjudicated and discrete and is independent of the remaining claims of Thesis and because of the nature of that claim. He argues that "[w]ithout a separate judgment and given Recoop's continued abject failure to abide by its contractual obligation" to advance the fees for this litigation, "Freed's right to advancement has been and will continue to be rendered illusory during the pendency of disposition on the remaining claims. Dkt. No. 187-3 at 8–9. He has already submitted the required undertaking to Recoop that he would return any advanced sums if it is ultimately determined that he is not entitled to indemnification. Dkt. No. 187-1 ¶ 10.

Federal Rule of Civil Procedure 54(b) permits the court, in an action presenting more than one claim for relief, to direct entry of judgment "as to one or more, but fewer than all, claims." Fed. R. Civ. P. 54(b). The court, however, must "expressly determine[ ] that there is no just reason for delay." *Id.*; *see also Atkinson v. Singh*, 2022 WL 1204559, at *1 (S.D.N.Y. Apr.

22, 2022) (A court may enter partial final judgment under Rule 54(b) if it finds that "(1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) there is no just reason for delay." (quoting *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 126, 128–29 (2d Cir. 2005))).  In allowing a court to enter partial final judgment under limited circumstances, the Rule considers "the wide scope and possible content of the . . .  'civil action'" and "avoid[s] the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case."  Fed. R. Civ. P. 54(b), advisory committee's note to 1946 amendment.  The Rule is not intended to alter the general "historic policy against piecemeal appeals," reflected in 28 U.S.C. § 1291 (providing for appellate jurisdiction over "final decisions").  *Novick*, 642 F.3d at 310 (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980)).  Accordingly, "[t]he court's power under Rule 54(b) to enter final judgment before an entire case is concluded should be exercised 'sparingly.'"  *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (quoting *Cullen v. Margiotta* ("*Cullen II*"), 811 F.2d 698, 710 (2d Cir. 1987)).

Freed's application satisfies all three criteria.  There are multiple separable claims and parties in this case.  Freed's application for confirmation of the Final Award turned upon the FAA, whether the dispute between the parties fell within the scope of a valid arbitration agreement, and whether the award was subject to vacatur under one of the limited grounds for vacatur under the FAA.  *See* Dkt. No. 171.  Recoop's claims were brought only against Thesis and not against Freed and turn upon whether trade secrets were stolen in violation of the Defend Trade Secrets Act and whether the federal Wiretap Act was violated.  Freed's remaining third-party claims against Recoop and Alt turn upon whether he was defamed, whether Recoop breached the Separation Agreement between the parties, and whether Recoop tortiously

interfered with Freed's economic relations.  And Thesis's counterclaims against Recoop turn upon many of the same questions, but also include whether Thesis is a third-party beneficiary of the agreement between Recoop and Freed.  The elements and theories of recovery differ between Freed's right to confirmation of the award and the remaining claims, and his right to confirmation involves separate questions of law and fact.  Freed's rights in connection with the arbitration can be separately enforced.  *See Cullen II*, 811 F.2d at, 711–12.

Freed's right to enforce the Final Award through a judgment has been finally determined. There remains nothing more for the Court to decide.  Freed has articulated "some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  *Cullen v. Margiotta* ("*Cullen I*"), 618 F.2d 226, 228 (2d Cir. 1980) (quoting *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir. 1978)).  The contractual right to advancement at issue in the Final Award is intended to provide the party enjoying the right the funds with which to defend himself against allegations of misconduct as well as to litigate disputes with the advancing party.  *See Rekor Sys., Inc. v. Loughlin*, 2020 WL 6898271, at \*13 (S.D.N.Y. Nov. 23, 2020).  In addition, the confirmation of an arbitral award is intended to be "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).  If the Court does not enter judgment and Freed is forced to wait until judgment on all of the claims, he will be deprived of the very benefit that the advancement provision was intended to secure.  *See, e.g., Rekor*, 2020 WL 6898271, at \*13.

The harm to Freed would be particularly aggravated on the facts of this case.  The Court has already recounted the delays from the conduct of Recoop that has plagued this case.  *See Recoop LLC v. Outliers Inc.*, 2025 WL 1725024, at \*1–2 (S.D.N.Y. June 20, 2025).  As a result,

Freed has been forced to litigate this case for years without the benefit of the funds that, according to the Arbitrator, Freed was promised. Recent events have exposed Freed to a harm of a different nature that is best addressed through entry of final judgment. In his motion for entry of partial final judgment, Freed raised the concern that there would be a risk of dissipation of assets. Dkt. No. 187-3 at 9. Recoop responded on February 27, 2026 that Freed's concern regarding dissipation of assets was baseless. Dkt. No. 192 at 2. Two weeks later, on March 6, 2026, the deadline for Freed's reply memorandum of law on this motion, counsel for Plaintiffs wrote the Court to inform it that Alt has filed a voluntary petition commencing personal Chapter 7 bankruptcy proceedings, that Alt holds 97% of the membership interests in Recoop, which has ceased operations, and that counsel will be filing a motion to withdraw. Dkt. No. 195. Counsel for Plaintiffs wrote that "Alt has informed that Recoop can no longer participate or be represented in this litigation" and directed counsel to no longer represent Plaintiff.[1] *Id.*

Plaintiff's recent filing raises two concerns. First, pursuant to the automatic stay provision in 11 U.S.C. § 362(a)(1), when an entity enters bankruptcy a stay is automatically entered which applies to "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor." The issues in this litigation that implicate Alt may therefore soon be stayed, further delaying resolution of the proceedings and counseling in favor of final judgment on the discrete arbitration claim. Additionally, there is no need for caution with respect to any pending stay provision for the claim on which Freed seeks final judgment, as the stay provision applies only to the debtor and not to non-debtors and will not without more protect Recoop. *See Abouelmakarem v. MDNMA Inc.*, 2022 WL 4240818, at *1 (S.D.N.Y. Aug. 17,

---

[1] As counsel indicated in their letter, counsel will have to obtain leave of court to withdraw. Local Civ. R. 1.4(b); *see Fellah v. City Univ. of N.Y.*, 2020 WL 13260347, at *1 (S.D.N.Y. Dec. 11, 2020).

2022) (citing cases); *In re Sheu*, 2009 WL 1794473, at *2 (Bankr. E.D.N.Y. June 16, 2009) (declining to extend automatic stay to corporation wholly owned by debtor).  The Final Award confirmed by the Court is applicable only to Recoop; Alt was not a party to the arbitration. *Recoop*, 2025 WL 3761802, at *4.

Second, the timing of Alt's filing gives the appearance of a delay tactic.  Such delay alone counsels in favor of final judgment.  Moreover, Alt's insolvency, and her membership interest in Recoop, indicate that absent entry of final judgment, Freed's right to advancement will have become illusory by the time he is able to enforce it.  Recoop may soon be entirely without assets against which Freed could recover.

Freed also moves for relief under Federal Rule of Civil Procedure 62(a) from the 30-day automatic stay of execution on judgments.  Dkt. No. 187-3 at 9–10.  By its terms, the 30-day stay of execution applies "unless the court orders otherwise."  Fed. R. Civ. P. 62(a).  "In the words of the advisory committee, this [provision] 'expressly recognizes the court's authority to dissolve the automatic stay or supersede it by a court-ordered stay.'"  *Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 385 (S.D.N.Y. 2020) (quoting Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment).  The committee "acknowledged that one 'reason for dissolving the automatic stay may be a risk that the judgment debtor's assets will be dissipated.'"  *Id.* (quoting Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment).  Recoop is protected by Freed's undertaking to return the sums advanced if it is ultimately determined that he is not entitled to indemnification.  Dkt. No. 187-1 ¶ 10.  Accordingly, the Court dissolves the 30-day stay on execution of judgment and authorizes the immediate registration of the judgment.

## CONCLUSION

Freed's motion for entry of partial final judgment and for relief from the automatic 30-day stay of execution is granted.  The Court having found no just reason for delay and that the

other requirements of Rule 54(b) are satisfied, the Clerk of Court is respectfully directed to enter a separate judgment reflecting the Court's award of the sum certain of $380,190.75 in advanced expenses and $14,802.50 in arbitrator fee reimbursements together with prejudgment interest from May 19, 2025 at the applicable statutory rate, and post-judgment interest from the date of entry of final judgment until the order is satisfied.  The Clerk of Court is also respectfully directed to lift the 30-day automatic stay to permit immediate enforcement and registration.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 187.


SO ORDERED.

Dated: March 9, 2026
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge