**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RECOOP LLC, | |
| Plaintiff, | Civil Action No.: 1:24-cv-01810-LJL |
| - against - | **ORDER REGARDING EMERGENCY PRESERVATION AND LIMITED FORENSIC COLLECTION OF RECOOP LLC BUSINESS RECORDS** |
| OUTLIERS INC. d/b/a THESIS NOOTROPICS INC., | |
| Defendant. | |
| OUTLIERS INC. d/b/a THESIS NOOTROPICS INC. and DANIEL FREED, | |
| Counterclaim and Third Party Plaintiffs, | |
| - against - | |
| RECOOP LLC and ANASTASIA ALT, | |
| Counterclaim and Third Party Defendants. | |

AND NOW, on this _12_ day of __March __, 2026__, upon consideration of the Letter-Motion for Defendant/Counterclaim Defendant Outliers Inc. d/b/a Thesis Nootropics Inc. ("Thesis") and Third Party Plaintiff Daniel Freed ("Freed") for an (i) directing immediate preservation of all devices, accounts, and media containing Recoop LLC ("Recoop") business records, (ii) appointing a neutral forensic vendor to perform a limited, court supervised collection and imaging within fourteen (14) days at the expense of Thesis, (iii) adopting a protocol to separate Recoop corporate materials from any personal materials of Anastasia Alt ("Alt") (including

privilege filters), and (iv) providing that any forensic images be held in escrow by the neutral pending further order regarding search, review, and production, and opposition, if any; consideration of Recoop LLC's opposition brief at Dkt. No. 202, and consideration of Freed and Thesis's reply in further support of their letter motion at Dkt. No. 205; it is hereby **ORDERED** as follows that:

1. <u>Definitions</u>. For purposes of this Order:

   a. "Recoop" means Recoop LLC, including all predecessors, successors, and agents acting at its direction;

   b. "Corporate ESI" means electronically stored information constituting Recoop's business records, regardless of the device or account in which such ESI resides;

   c. "Personal Materials" means materials of Anastasia Alt that are non-business in nature (e.g., personal photos, medical or health information, financial information (if unrelated to financial activities involving Recoop), private communications unrelated to Recoop, whether or not stored on the same electronic device or account as Corporate ESI;

   d. "Neutral Vendor" means an independent, court approved forensic services provider engaged solely to implement this Order; and

   e. "Devices/Accounts" means computers, external drives, mobile devices, email and collaboration accounts, cloud storage, messaging, accounting, CRM/ERP and other SaaS applications used to store or process Corporate ESI.

2. <u>Immediate Preservation</u>. Effective as of the date of this Order, Recoop shall preserve and shall not alter, delete, de-provision, wipe, recycle, or otherwise change the state of any Devices/Accounts or physical media that contain Corporate ESI. Recoop shall suspend any auto-deletion, retention policy purge, overwriting, or account deactivation affecting Corporate ESI and shall maintain system logs to the extent practicable. This paragraph is directed to Recoop as a corporate entity and does not require Alt to take any action in her individual capacity.

3. <u>Neutral Vendor; Appointment and Schedule.</u> Within three (3) business days of this Order, the parties shall meet and confer and submit either a joint proposal naming a Neutral Vendor or, if they cannot agree, each side shall submit up to two (2) candidates with disclosures of any potential conflicts. The Court will promptly appoint the Neutral Vendor. The Neutral Vendor shall

commence work forthwith and Recoop shall provide access to Devices/Accounts containing Corporate ESI for initial imaging and collections specified herein within fourteen (14) days of the Neutral Vendor's appointment, absent good cause shown.

4.    Scope of Collection. The Neutral Vendor shall perform a read-only forensic acquisition of Corporate ESI from the following sources to the extent they exist:

   a.  Company controlled servers, hosted services, and cloud repositories used by Recoop (including, without limitation, company email, cloud drives, collaboration tools, accounting/finance platforms, and communications platforms);

   b.  Any Devices/Accounts issued by or administered for Recoop custodians that contain Corporate ESI; and

   c.  Any personal Devices/Accounts of Recoop custodians (including Ms. Alt) only to the extent necessary to collect clearly identified Recoop Corporate ESI (e.g., Recoop email accounts, folders labeled for Recoop, business application workspaces). The Neutral Vendor shall employ targeted, container level collections and shall not perform wholesale imaging of purely personal data.

5.    Separation of Corporate and Personal ESI; Privilege Filter. Prior to any review by parties, the Neutral Vendor shall implement automated and manual filters reasonably designed to segregate Personal Materials from Corporate ESI. The Neutral Vendor shall:

   a.  collect at the account, workspace, folder and/or other container level reasonably associated with Recoop business;

   b.  apply date ranges, custodian lists, and keyword filters agreed by the parties (or ordered by the Court) to narrow the Corporate ESI set; and

   c.  apply a privilege filter using party supplied attorney and law firm names and domains.

   Disputes over inclusion or exclusion shall be raised to the Court under paragraph 13.

6.    Chain of Custody, Hashing, and Security. The Neutral Vendor shall maintain a complete chain of custody log, calculate cryptographic hash values for all images and exports,

encrypt all data at rest and in transit, and store master images in a secure, access-controlled repository. The Neutral Vendor shall generate a report listing sources imaged, methods used, hash values, file counts, and error logs.

7. Escrow; No Production Pending Further Order. All forensic images and master exports shall be held solely by the Neutral Vendor in escrow. No party (including Thesis and Freed) shall receive copies of any image or native data absent further order of the Court or written agreement of the parties approved by the Court. The Neutral Vendor may generate and provide to counsel high level inventory reports (e.g., source lists, date ranges, and volume metrics) that do not disclose content.

8. Costs. Thesis and Freed shall advance the Neutral Vendor's reasonable fees and costs subject to later reallocation by the Court as may be appropriate.

9. Access and Credentials. Recoop shall provide the Neutral Vendor with necessary administrative credentials, multi-factor authentication approvals, and reasonable assistance to enable preservation and collection within the time prescribed by this Order. Third party service providers hosting Recoop data are hereby authorized and directed to cooperate with the Neutral Vendor upon presentation of this Order.

10. Clawback. Pursuant to Federal Rule of Evidence 502(d), no disclosure to the Neutral Vendor, to the Court, or to any party as subsequently ordered shall constitute a waiver of any privilege or protection in this or any other proceeding. Any inadvertently disclosed privileged material shall be returned and sequestered upon notice, pending resolution of any dispute.

11. No Violation of Automatic Stay. This Order is directed to Recoop as a corporate entity and Recoop controlled electronic data sources containing Corporate ESI. This Order does

not compel Alt, in her personal capacity, to take any action, nor does it authorize collection from property of Alt's bankruptcy estate. Nothing herein shall be construed to violate 11 U.S.C. § 362.

12.    <u>Cooperation and Meet and Confer Obligations</u>. The parties shall cooperate in good faith with the Neutral Vendor. Within five (5) days of appointment of the Neutral Vendor, the parties shall exchange lists of likely custodians and systems and propose search terms and date ranges for use in container identification and filtering. Any impasse shall be presented by joint letter under the Court's Individual Practices.

13.    <u>Dispute Resolution</u>. The Court retains jurisdiction to resolve any disputes arising under or related to this Order on an expedited basis. The Neutral Vendor may seek direction from the Court as needed.

14.    <u>Sanctions</u>. Sanctions may issue for any failure to comply with this Order or for spoliation.

15.    <u>Reservation of Rights</u>. Nothing in this Order determines the scope of discoverability or production, which will be addressed by further order of the Court after the Neutral Vendor's reports and the parties' submissions.

March 12, 2026

LEWIS J. LIMAN
United States District Judge