UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                            :

RECOOP LLC,                              :

                               :

                  Plaintiff,       :

                               :         24-cv-01810 (LJL)

       -v-                    :

                               :        MEMORANDUM AND

OUTLIERS INC. d/b/a THESIS          :           ORDER
NOOTROPICS INC.,               :

                               :

                Defendant.     :

                               :

-------------------------------------------------------------- :

                               :

OUTLIERS INC. d/b/a THESIS          :
NOOTROPICS INC. and DANIEL       :
FREED,                           :

                  Counterclaim and   :
                  Third-Party Plaintiffs.  :

                               :

      -v-                    :

                               :

RECOOP LLC and ANASTASIA ALT,   :

                               :

                  Counterclaim and   :
                  Third-Party Defendants.  :

                               :

-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

The parties filed a Stipulation, Order, and Permanent Injunction (the "Stipulated Injunction") on June 3, 2026. Dkt. No. 221. By Order of June 5, 2026, the Court directed the parties to submit a letter brief providing support for the proposed form of relief, specifically in regard to the First Amendment issues raised by the Stipulated Injunction. Dkt. No. 223. Outliers, Inc. d/b/a Thesis Nootropics Inc. ("Thesis") and Daniel Freed ("Freed" and with Thesis, the "Thesis Parties") filed a letter brief in support of the proposed order on June 12, 2026. Dkt. No. 224. Anastasia Alt ("Alt") and Recoop LLC ("Recoop" and with Alt, the "Recoop Parties")

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/16/2026

filed a letter brief on June 12, 2026.  Dkt. No. 225.

In relevant part, the Stipulated Injunction provides:

[T]he Recoop Parties and any related entities under the ownership and control of Alt are ENJOINED and RESTRAINED from making or causing to be made (i) any public communication or statement of any kind (verbal or in writing) relating to Thesis, Freed or anyone identified as past or present directors, officers, affiliates, subsidiaries, employees, or representatives of Thesis, and (ii) any communication relating to the Thesis Parties to anyone identified as a customer, supplier, or other party with whom either of the Thesis Parties maintains a business relationship.

. . .

Nothing herein prohibits or restricts any Party (i) from complying with a valid and legally effective subpoena, (ii) from complying with any applicable law or regulation or a valid order of a court of competent jurisdiction or an authorized government agency, or (iii) initiating communications directly with, responding to an inquiry from, or providing testimony before the Securities and Exchange Commission, the Financial Industry Regulatory Authority, any other self-regulatory organization or any other federal or state regulatory authority regarding this settlement or its underlying facts or circumstances."

Dkt. No. 221 ¶¶ 1, 3.  The Court concludes that it is not impeded by the First Amendment in approving the Stipulated Injunction.

Settlement agreements are "compromises in which the parties give up something they might have won in litigation" and, as part of that compromise, "parties can waive their First Amendment rights in consent decrees and other settlements of judicial proceedings."  *SEC v. Romeril*, 15 F.4th 166, 172 (2d Cir. 2021) (internal quotation marks and citation omitted).  As the Second Circuit explained, if a party "is insistent on retaining the right" to make the enjoined statements, that party "has the right to litigate and defend against" the action and reject the proposed stipulation.  *Id.* at 172.  Here, the Stipulated Injunction was negotiated in good faith between two private parties and the Recoop Parties willingly agreed to waive their rights to resolve the action.  *Cf. JC Hosp. v. Hochberg*, 2025 WL 3124313, at *19 (S.D.N.Y. Nov. 7, 2025) (where relief is contested or sought in the context of default judgment, enjoining speech

"would raise serious First Amendment concerns" (quoting *Absolut Care of Allegany, LLC v. Anderson Alexander PLC*, 2025 WL 1640206, at *1 n.2 (E.D.N.Y. June 10, 2025)).  Moreover, the Stipulated Injunction is appropriately tailored to the Thesis Parties' claims of interference with business relationships and pertains solely to public statements or statements to those with whom the Thesis Parties retain a business relationship.  *Cf. Velazquez Cuautle v. Hudson Mkt. 303 LLC*, 2019 WL 4855600, at *3 (S.D.N.Y. Sept. 5, 2019) (rejecting general non-disparagement clause providing that parties agree "not to disparage each other" because it was not narrowly tailored to the suit at issue).

For the foregoing reasons, the Court approves the Stipulated Injunction by separate order.

SO ORDERED.

Dated: June 16, 2026
New York, New York
 
_____
LEWIS J. LIMAN
United States District Judge

3