**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RECOOP LLC,<br><br>      Plaintiff,<br><br> - against -<br><br>OUTLIERS INC. d/b/a THESIS NOOTROPICS INC.,<br><br>      Defendant.<br><br>OUTLIERS INC. d/b/a THESIS NOOTROPICS INC. and DANIEL FREED,<br><br>      Counterclaim and Third Party Plaintiffs,<br><br> - against -<br><br>RECOOP LLC and ANASTASIA ALT,<br><br>      Counterclaim and Third Party Defendants. | Civil Action No.: 1:24-cv-01810-LJL<br><br>**STIPULATION, ORDER AND PERMANENT INJUNCTION** |

**WHEREAS**, on June 28, 2024, in the above-titled action, Plaintiff Recoop LLC ("Recoop") filed a First Amended Complaint ("Complaint") in the United States District Court for the Southern District of New York (the "Court"), No. 1:24-cv-01810-LJL (the "Action"), against Defendant Outliers Inc. d/b/a Thesis Nootropics Inc. ("Thesis") alleging violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*, Wiretap Act, 18 U.S.C. § 2510, *et seq.*, and California Invasion of Privacy Act, Cal. Pen. Code §§ 630-638, as well as common law claims for unfair competition and unjust enrichment;

**WHEREAS**, on July 3, 2024, Counterclaim Plaintiff Thesis and Third Party Plaintiff Daniel Freed ("Freed" and together with Thesis, the "Thesis Parties") asserted counterclaims and third party claims in

the Action against Counterclaim Defendant Recoop and Third Party Defendant Anastasia Alt ("Alt" and together with Recoop, the "Recoop Parties") in the Action alleging defamation, breach of contractual non-disparagement obligations, and tortious interference with business relations claims based on statements Alt made to third parties prior to filing the Complaint as well as the Thesis Parties' request for a declaratory judgment that Recoop's release of claims against Freed is valid, enforceable and applicable to Recoop's Complaint; and

**WHEREAS**, the Parties have entered into a settlement and release agreement ("Settlement Agreement") to fully resolve the Action.

**IT IS HEREBY STIPULATED AND ORDERED THAT:**

1.      Except as otherwise provided in this Stipulation, Order & Permanent Injunction ("Stipulated Injunction") or as otherwise provided in the Settlement Agreement, the Recoop Parties and any related entities under the ownership and control of Alt are ENJOINED and RESTRAINED from making or causing to be made (i) any public communication or statement of any kind (verbal or in writing) relating to Thesis, Freed or anyone identified as past or present directors, officers, affiliates, subsidiaries, employees, or representatives of Thesis, and (ii) any communication relating to the Thesis Parties to anyone identified as a customer, supplier, or other party with whom either of the Thesis Parties maintains a business relationship.

2.      Failure to comply with this Stipulated Injunction shall be deemed contempt of Court.

3.      Nothing herein prohibits or restricts any Party (i) from complying with a valid and legally effective subpoena, (ii) from complying with any applicable law or regulation or a valid order of a court of competent jurisdiction or an authorized government agency, or (iii) initiating communications directly with, responding to an inquiry from, or providing testimony before the Securities and Exchange Commission, the Financial Industry Regulatory Authority, any other self-regulatory organization or any

other federal or state regulatory authority regarding this settlement or its underlying facts or circumstances. The Recoop Parties shall promptly provide written notice of any such subpoena or order within two (2) business days to the Thesis Parties.  The Thesis Parties shall promptly provide written notice of any such subpoena or order within two (2) business days to the Recoop Parties.

4.      For the avoidance of doubt, nothing herein is intended to limit the right of any Party to commence litigation upon breach of the Settlement Agreement or any provision identified in section 5 of the Settlement Agreement.

5.      The Honorable Lewis J. Liman, United States District Judge, shall retain jurisdiction for the limited purpose of enforcement of this Stipulated Injunction, including determinations of damages (including, without limitation, liquidated damages) and attorneys' fees that may be recoverable in connection with any proceeding to enforce the Stipulated Injunction.

6.      The prevailing party, in whole or substantial part, in any action to enforce this Stipulated Injunction will be entitled to payment of his, her, or its reasonable attorneys' fees and expenses.

7.      The Clerk of this Court shall enter Judgment terminating the above-titled action.

Counsel for the Parties:

Dated: April 14, 2026

By:_____
    Garrick A. Hollander, Esq.
    Winthrop Golubow Hollander, LLP
    521 5th Avenue, 17th Floor
    New York, New York 10175
    (917) 361-3400
    ghollander@wghlawyers.com

    *Attorneys for Plaintiff/Counterclaim*
    *Defendant Recoop LLC and Third Party*
    *Defendant Anastasia Alt*

Dated: ___ June 3 _____, 2026

By:_____
    Steven M. Kayman, Esq.
    Rottenberg Lipman Rich, P.C.
    230 Park Avenue, 18th Floor
    New York, New York 10169
    (212) 661-3080
    skayman@rlrpclaw.com

Dated: ___ June 3 _____, 2026

By: _____
    Lauren Rayner Davis, Esq.
    Offit Kurman, P.A.
    590 Madison Avenue, 6th Floor
    New York, New York 10022
    (212) 545-1900
    lauren.davis@offitkurman.com

3

*Attorneys for Defendant/Counterclaim Plaintiff Outliers Inc. d/b/a Thesis Nootropics Inc. and Third Party Plaintiff Daniel Freed*

**SO ORDERED.**

Dated:     June 16, 2026
           New York, New York

LEWIS J. LIMAN
United States District Judge

4